## In re CONSUMERS' ALBANY BREWING CO.

(District Court, N. D. New York. October, 1914.)

BANKRUPTCY (§ 249*)—CORPORATION—ORDER AUTHORIZING RECEIVER TO BORROW MONEY TO CONTINUE BUSINESS—PETITION FOR MODIFICATION.

　　An application was made by one claiming to be a bondholder of a bankrupt brewing company for modification of an order authorizing the receiver to borrow money and continue the business, deemed necessary by practically all creditors, including bondholders, to preserve the value of the property. The ownership of any bonds by petitioner was denied. *Held*, that the court would not pass on the application until the question of such ownership was determined after a hearing.

　　[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 347; Dec. Dig. § 249.*]

In Bankruptcy. In the matter of the Consumers' Albany Brewing Company, bankrupt. On motion by Samuel Manges to modify order allowing the receiver herein to borrow money and issue certificates of indebtedness necessary to carry on and protect and preserve the property of the alleged bankrupt. Referred, for determination of preliminary question.

Leonard Bronner, of New York City (Muhlfelder & Illch, of Albany, N. Y., of counsel), for the motion.

Leopold Minkin, of Albany, N. Y., and H. D. Bailey, of Troy, N. Y., for receiver.

Tracey, Cooper & Townsend, of Albany, N. Y., for First Nat. Bank.

Howard Hendrickson, of Albany, N. Y., for bankrupt.

W. E. Woollard, of Albany, N. Y., for certain bondholders.

R. J. Le Boeuf, of Albany, N. Y., for trustee under mortgage.

RAY, District Judge. The plant and real property of the bankrupt is mortgaged to secure an issue of bonds. The Albany Trust Company is the trustee under such mortgage. More than 90 per cent. or about that, of the bondholders consented to the order made, and desire it to remain in force, and at a meeting of creditors, including bondholders, duly called by the referee, it was unanimously voted to continue the business for nine months. The creditors have confidence in the receiver, who was selected by the court at the suggestion of a large number of them.

The order as made seems to be absolutely essential to the protection and preservation of the estate, and, while the trustee under the mortgage did not assent thereto, it did not, represented by counsel, oppose it, except formally, so as to protect the bondholders not represented

before the court at the time. The issue of bonds authorized was $350,-000. Of the bonds issued $344,500 are now outstanding. Manges, who asks a modification of the order made by this court, claims to own about $18,000 or $20,000 of these outstanding bonds. The creditors, other bondholders, and the bankrupt, and also the receiver, deny that he owns such bonds, or any of them. If he does not, he has no interest herein or right to make this motion. Other questions are raised, but before taking action it seems to the court that it should be determined whether or not Manges owns the bonds which he claims to own. This the court will not determine on the affidavits and petitions presented.

There will be an order referring it to Hon. Edwin A. King, as special master for the purpose, to take evidence offered by the respective parties, on due notice to all concerned, and report same to the court with all convenient speed, together with his findings of fact and conclusions of law, subject to confirmation by this court, as to whether or not said Manges owns any of the bonds referred to and if so how many.

There will be an order accordingly.